# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-802V
### Filed: June 20, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
ASHARAM TAMANG                        *
                                      *
                  Petitioner,         *        Damages Decision Based on Proffer;
v.                                    *        Tetanus-Diphtheria-Acellular Pertussis
                                      *         ("Tdap") Vaccine; Adhesive Capsulitis;
SECRETARY OF HEALTH                   *        Special Processing Unit ("SPU")
AND HUMAN SERVICES,                   *
                                      *
                  Respondent.         *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Homer, Conway, Homer & Chin-Caplan, P.C., for petitioner.*
*Alexis Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 29, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered cellulitis and adhesive capsulitis as a result of a Tetanus-diphtheria-acellular pertussis ("Tdap") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 10, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for adhesive capsulitis. On June 17, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $85,000.00 in actual and projected pain and suffering, and $11,223.27 in damages for past unreimbursed expenses. Proffer at 1. In the Proffer, respondent represented that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $96,223.27 which represents compensation for actual and projected pain and suffering ($85,000.00) and past unreimbursed expenses ($11,223.27) in the form of a check payable to petitioner, Asharam Tamang.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

```
_____
                                      )
ASHARAM TAMANG,                       )
                                      )
                  Petitioner,         )
                                      )      No. 15-802
v.                                    )      Chief Special Master Dorsey
                                      )
SECRETARY OF HEALTH AND               )
HUMAN SERVICES,                       )
                                      )
                  Respondent.         )
_____ )
```

**RESPONDENT'S PROFFER OF DAMAGES**

**I.      Items of Compensation**

For the purposes of this proffer, the term "vaccine-related" is as described in

Respondent's Rule 4(c) Report filed on November 9, 2015. This proffer contains all elements of

compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]

A.      Pain and Suffering

Respondent proffers that petitioner should be awarded $85,000.00 in actual and projected

pain and suffering. This amount reflects that the award for projected pain and suffering has been

reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.      Past Unreimbursed Expenses

Petitioner has submitted documentation for $11,223.27 in unreimbursed expenses in this

case, to which respondent has no objection. Thus respondent proffers that petitioner should be

awarded $11,227.27 for past unreimbursed expenses. Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief. In particular, respondent would oppose any award for future medical
expenses, future lost earnings, and future pain and suffering.

C.    Lost Wages

The parties agree that based upon the evidence of record, petitioner's vaccine-related injury has not impaired his earning capacity.   Therefore, respondent proffers that petitioner should be awarded no lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

II.    **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $96,223.27 in the form of a check payable to petitioner.  The payment consists of $85,000.00 in past and future pain and suffering, and $11,223.27 in past unreimbursed expenses.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Tort Branch, Civil Division

LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division

 s/ Alexis B. Babcock
ALEXIS B. BABCOCK
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Dated: June 17, 2016          Telephone: (202) 616-7678